FRANK S. ELLISON, Appellant, v. CARL H. KLUBE et al., Respondents. ALICE H. WRIGHT, Appellant, v. CARL H. KLUBE et al., Respondents.— Appeal from an order of the Supreme Court entered in Sullivan County and made at a Special Term of the Supreme Court in Orange County which dismissed the complaints in the above entitled actions for failure to prosecute the same. Issue was joined in Action No. 1 on December 9, 1949, and in Action No. 2 on April 17, 1950. The order dismissing the complaints was made February 16, 1953. Plaintiffs' excuse for the delay was the absence of the attending physician for one of the plaintiffs. As pointed out by the Special Term, however, there was no explanation why plaintiff was not examined by another physician, and it does not appear that there is any reasonable prospect that the absent physician can ever be produced on a trial. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

■

DAVID DESABRAIS, Respondent, v. CLARENCE AIKENS, Appellant.— Appeal from an order of the County Court, Washington County. The plaintiff's appeal from the Justice's Court sought a trial in the County Court as a matter of right because the amount involved exceeded $200. He omitted to pay the Justice's fee of $3 for making the return to the County Court on appeal and this omission appeared on the face of the Justice's return. Thereupon defendant moved to dismiss the appeal in the County Court on the ground that it was not properly perfected because the Justice's fee had not been paid. The statute, section 433 of the Justice Court Act, permits the appellate court to allow an omission or defect on appeal to be supplied "upon proof by affidavit of the facts". The County Court denied defendant's motion to dismiss but imposed the condition that the fee of the Justice be paid and allowed an additional $10 costs to defendant on the motion. Defendant has appealed here upon the ground that section 433 requires the "facts" upon which the County Court on appeal could exercise a power to excuse a defect or irregularity must be shown "by affidavit". But where there is no dispute about the facts and where the record shows clearly the omission or defect was the failure to pay a fee, no further factual inquiry is needed "by affidavit" into a conceded factual event and a sufficient ground is shown for the exercise of the County Court's discretionary power to relieve a party of an omission or defect on appeal. Order affirmed, with $10 costs and disbursements to respondent. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.